1

2

3

4                             **UNITED STATES DISTRICT COURT**

5                                  **DISTRICT OF NEVADA**

6

7    INGRID V. AMADIS PAYANO,                    )
                                                 )
8                   Plaintiff,                   )         Case No.  2:15-cv-00294-RFB-CWH
                                                 )
9    vs.                                         )         **REPORT & RECOMMENDATION**
                                                 )
10   CAROLYN W. COLVIN, Acting Commissioner      )
     of Social Security Administration,          )
11                                               )
                    Defendant.                   )
12   _____ )

13                                    **INTRODUCTION**

14          This case involves judicial review of an administrative action by the Commissioner of

15   Social Security ("defendant") denying plaintiff Ingrid V. Amadis Payano's ("plaintiff") application

16   for disability insurance benefits under Title II of the Social Security Act.  Before the Court is

17   plaintiff's Motion for Reversal or Remand (ECF No. 12), filed July 23, 2015, and defendant's

18   Response and Cross-Motion to Affirm (ECF No. 13, 14),[1] filed August 20, 2015.  This action was

19   referred to the undersigned magistrate judge for a report of findings and recommendations under 28

20   U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4.

21                                    **BACKGROUND**

22          On October 3, 2013, plaintiff applied for disability insurance benefits.  AR140-146.[2]  The

23   application was denied on March 3, 2014, and upon  reconsideration on June 19, 2014.  AR 90-93,

24   95-97.  A hearing was held before an Administrative Law Judge ("ALJ") on September 29, 2014.

25   AR 27-60.  On October 31, 2014, the ALJ issued a decision finding plaintiff was not disabled from

26

27          [1] Defendant filed both an opposition to plaintiff's motion and a cross-motion to affirm.  *See* ECF Nos. 13, 14.  This
28   Court's review of these two documents reveals that the arguments presented are identical.  Therefore, this Court refers only to
     defendant's cross-motion, ECF No. 13, even though an identical argument is presented in defendant's opposition, ECF No. 14.

            [2] AR refers to the administrative record filed with this Court.  *See* ECF No. 8.

1    March 26, 2012 through the date of the decision.  AR 17-27.  Thereafter, plaintiff requested review

2    of the ALJ's decision on November 5, 2014.  AR 5.  The Appeals Council denied plaintiff's request

3    for review on January 9, 2015, rendering the ALJ's decision final.[3]  AR 1-4.  On February 19, 2015,

4    Plaintiff commenced this action for judicial review under 42 U.S.C. §§ 405(g) and 1383(c).  *See*

5    ECF No. 1.

6                                          **DISCUSSION**

7    **1.       LEGAL STANDARDS**

8            **a.       Judicial Standard of Review**

9            The court reviews administrative decisions in social security disability benefits cases under

10   42 U.S.C. § 405(g).  Section 405(g) states that  "[a]ny individual, after any final decision of the

11   Commissioner of Social Security made after a hearing to which he was a party, irrespective of the

12   amount in controversy, may obtain a review of such decision by a civil action . . . brought in the

13   district court of the United States for the judicial district in which the plaintiff resides." *Akopyan v.*

14   *Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).  The court may enter, "upon the pleadings and

15   transcripts of the record, a judgment affirming, modifying, or reversing the decision of the

16   Commissioner of Social Security, with or without remanding the case for a rehearing." *Id.*  The

17   Ninth Circuit reviews  *de novo* a decision issued by a district court in such cases.  *Batson v.*

18   *Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

19          The Commissioner's findings of fact are conclusive if supported by substantial evidence.

20   42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005).  However, these findings

21   may be set aside if they are based on legal error or not supported by substantial evidence.  *See Stout*

22   *v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also Thomas v. Barnhart*,

23   278 F.3d 947, 954 (9th Cir. 2002).  Substantial evidence is "more than a mere scintilla but less than

24   a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to

25   support a conclusion." *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also*

26   *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005).  In determining whether the

27

28          [3]  The ALJ's decision becomes the final administrative decision of defendant.

1  Commissioner's findings are supported by substantial evidence, a court reviews "the administrative

2  record as a whole, weighing both the evidence that supports and the evidence that detracts from the

3  Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also*

4  *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).  The Commissioner's findings must be

5  upheld if supported by inferences reasonably drawn from the record. *Batson,* 359 F.3d at 1193.

6  When the evidence supports more than one rational interpretation, a court must defer to the

7  Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also*

8  *Flaten v. Sec'y of Health and Human Serv.,* 44 F.3d 1453, 1457 (9th Cir. 1995).  Consequently, the

9  issue is not whether the Commissioner reasonably could have reached a different conclusion, but

10  whether the final decision is supported by substantial evidence.

11       It is incumbent on the ALJ to make specific findings so the court does not speculate as to

12  the basis of the findings when reviewing the Commissioner's decision.  Mere cursory findings of

13  fact without explicit statements as to what portions of the evidence were accepted or rejected are

14  not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981).  The ALJ's findings "should

15  be as comprehensive and analytical as feasible, and where appropriate, should include a statement

16  of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

17       **b.    Disability Evaluation Process**

18       An individual seeking disability benefits has the initial burden of proving disability. *See*

19  *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995).  An individual must demonstrate the

20  "inability to engage in any substantial gainful activity by reason of any medically determinable

21  physical or mental impairment which can be expected . . . to last for a continuous period of not less

22  than 12 months." *See* 42 U.S.C. § 423(d)(1)(A).  The individual must provide "specific medical

23  evidence" in support of the claim for disability.  20 C.F.R. § 404.1514.  If the individual establishes

24  an inability to perform prior work, then the burden shifts to the Commissioner to show that the

25  individual can perform other substantial gainful work that exists in the national economy. *Batson*,

26  157 F.3d at 721.

27       The ALJ follows a five-step sequential evaluation process in determining whether an

28  individual is disabled. *See* 20 C.F.R. §§ 404.1520 and 416.920; *see also Bowen v. Yuckert*, 482

1    U.S. 137, 140 (1987).  If at any step the ALJ determines that he or she can make a finding of

2    disability or nondisability, a determination will be made and no further evaluation is required.  *See*

3    20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *see also Barnhart v. Thomas*, 540 U.S. 20, 24

4    (2003).  The first step requires the ALJ to determine whether the individual is currently engaging in

5    substantial gainful activity.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  Substantial gainful activity

6    is defined as work activity that is both substantial and gainful; it involves doing significant physical

7    or mental activities usually for pay or profit.  20 C.F.R. §§ 404.1572(a)-(b) and 416.972(a)-(b).  If

8    the individual is currently engaging in substantial gainful activity, then a finding of not disabled is

9    made.  If the individual is not engaging in substantial gainful activity, then the analysis proceeds to

10   step two.

11          The second step addresses whether the individual has a medically determinable impairment,

12   or  combination of impairments, that is severe and significantly limits performance of basic work

13   activities.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  An impairment or combination of

14   impairments is not severe when medical and other evidence establish only a slight abnormality or a

15   combination of slight abnormalities that would have no more than a minimal effect on the

16   individual's ability to work.  *See* 20 C.F.R. §§ 404.1521 and 416.921; Social Security Rulings

17   ("SSR") 85-28, 96-3p, and 96-4p.[4]  If the individual does not have a severe medically determinable

18   impairment or combination of impairments, then a finding of not disabled is made.  If the

19   individual has a severe medically determinable impairment or combination of impairments, then

20   the analysis proceeds to step three.

21          The third step requires the ALJ to determine whether the individual's impairments or

22   combination of impairments meet or medically equal the criteria of an impairment listed in 20

23   C.F.R. Part 404, Subpart P, Appendix 1.  *See* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526,

24   416.920(d), 416.925, and 416.926).  If the individual's impairment or combination of impairments

25

26

27   [4] An SSR constitutes the Social Security Administration's official interpretation of the statute and its regulations.  *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1).  An SSR is entitled to some deference as long as it is consistent with the Social Security Act and regulations.  *Bray*, 554 F.3d at 1223

28   (finding ALJ erred in disregarding SSR 82-41).

1  meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509 and

2  416.909), then a finding of disabled is made.  20 C.F.R. §§ 404.1520(h) and 416.920(h).  If the

3  individual's impairment, or combination of impairments, does not meet or equal the criteria of a

4  listing or meet the duration requirement, then the analysis proceeds to step four, but, before moving

5  to step four, the ALJ must first determine the individual's residual functional capacity ("RFC").  20

6  C.F.R. §§ 404.1520(e) and 416.920(e).

7        The RFC is a function-by-function assessment of the individual's ability to do physical and

8  mental work-related activities on a sustained basis despite limitations from impairments.  *See* SSR

9  96-8p.  In determining the RFC, an ALJ must consider all relevant evidence, including all

10 symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the

11 objective medical evidence and other evidence.  20 C.F.R. §§ 404.1529 and 416.929; SSR 96-4p

12 and 96-7p.  To the extent that statements about the intensity, persistence, or functionally limiting

13 effects of pain or other symptoms are not substantiated by objective medical evidence, an ALJ must

14 make a finding on the credibility of the individual's statements based on a consideration of the

15 entire case record.  The ALJ must also consider opinion evidence in accordance with the

16 requirements of 20 C.F.R. §§ 404.1527 and 416.927, and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

17       At step four, the ALJ must determine whether the individual has the RFC to perform past

18 relevant work, which means work performed either as the individual actually performed it or as it is

19 generally performed in the national economy within the last fifteen years or fifteen years prior to

20 the date that disability must be established.  *See* 20 C.F.R. §§ 404.1520(f) and 416.920(f).  In

21 addition, the work must have lasted long enough for the individual to learn the job and performed

22 as substantial gainful activity.  20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), and 416.965.  If

23 the individual has the RFC to perform his past work, then a finding of not disabled is made.  If the

24 individual is unable to perform any past relevant work or does not have any, then the analysis

25 proceeds to step five.

26       The fifth and final step requires the ALJ to determine whether the individual is able to do

27 any other work considering his RFC, age, education, and work experience.  20 C.F.R.

28 §§ 404.1520(g) and 416.920(g).  If he is able to do other work, then a finding of not disabled is

1    made.  Although the individual generally continues to have the burden of proving disability at this

2    step, a limited burden of going forward with the evidence shifts to the Commissioner.  The

3    Commissioner is responsible for providing evidence that demonstrates other work exists in

4    significant numbers in the national economy that the individual can do.  *Yuckert*, 482 U.S. at 141-

5    42.

6    **2.      THE ALJ'S DECISION**

7            The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R.

8    §§ 404.1520 and 416.920.  AR 9-22.  At step one, the ALJ found that plaintiff had not engaged in

9    substantial gainful activity from the alleged onset date of March 26, 2012.  AR 11.  At step two, the

10   ALJ found that plaintiff had severe impairments of asthma; anxiety; depression; degenerative disc

11   disease of the lumbar spine; bilateral knee pain with patellar chrondromalacia, endometriosis; and

12   obesity.  *Id*.  At step three, the ALJ found that plaintiff did not have an impairment or combination

13   of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P,

14   Appendix 1.  AR 15.  Under step four, the ALJ found that plaintiff had the RFC:

15           to perform sedentary work as defined in 20 CFR 404.1567(a) except that she can
             stand and walk up to 2 hours in a 8-hour workday.  All postural [sic] may be
16           performed occasionally except that she can never crawl or climb ropes, ladders or
             scaffolds.  The claimant requires a single cane to ambulate, and she must avoid
17           concentrated exposure to extreme heat and cold, excessive vibration, excessive or
             loud noise, chemicals and pulmonary irritants such as smoke, dust, fumes, odors,
18           gases and poorly ventilated areas.  She must avoid concentrated exposure to
             hazardous machinery, unprotected heights and operational control of moving
19           machinery.  She is limited to simple tasks typical of unskilled occupations with no
             production rate pace work and only occasional interaction with the public and
20           coworkers.

21   AR 16.  The ALJ also determined that plaintiff could not perform past relevant work.  AR 21.  The

22   plaintiff was 35 years old, which is a younger individual age 18-44, on the alleged disability onset

23   date.  *Id*.  The claimant has at least a high school education and is able to communicate in English.

24   *Id.*  Finally, the ALJ found that, considering the claimant's age, education, work experience, and

25   residual functional capacity, there are jobs that exist in significant numbers in the national economy

26   that the claimant can perform.  *Id*.  Accordingly, the ALJ concluded that plaintiff was not disabled

27   from the alleged onset date of March 26, 2012 until the date of the decision.  *Id*.

28   / / /

6

1     **3.**      **ANALYSIS**

2          **a.**      **RFC**

3          Plaintiff seeks reversal or remand of the ALJ's decision, claiming the ALJ erred by failing

4 to properly evaluate the medical evidence to assess plaintiff's RFC, and that the evidence of record

5 would support a more restrictive RFC. *See* ECF No. 12 at 6. In support, plaintiff contends the ALJ

6 improperly found that there is no medically determinable impairment that would require the use of

7 a scooter or wheelchair. AR 20. Similarly, plaintiff contends that the ALJ found that there was no

8 need for a service dog. Plaintiff maintains that the need for scooter and service dog represent

9 significant limitations that would impact work capacities, but neither of these limitations were

10 included in the hypothetical to the vocational expert, making the hypothetical (and RFC)

11 incomplete. Secondly, plaintiff argues that the ALJ did not give sufficient weight to the Veteran's

12 Administration (VA) findings, and failed to give persuasive, specific and valid reasons in rejecting

13 the disability findings made by the VA.

14          Defendant responds that the ALJ properly found that there is no medically determinable

15 impairment that would require the use of a scooter or wheelchair and conducted a thorough analysis

16 of the record in concluding that plaintiff could perform sedentary work. Defendant also argues that

17 while similar, the VA's disability finding is not medical evidence under SSA regulations and is not

18 binding on the SSA, because it is not based on social security law. 20 C.F.R.§ 404.1504, (a

19 determination made by another agency that you are disabled … is not binding on us).

20          In reviewing the evidence, the ALJ found that there was no need for the use of a scooter.

21 Plaintiff provides no argument as to why the need for a scooter or service dog represent significant

22 limitations that would impact her work capacity. Moreover, the use of a scooter for mobility adds,

23 and does not detract, from plaintiff's ability to work. As to the need for a service dog, plaintiff

24 testified simply that the dog made her feel better, but provided no evidence that it is needed to

25 allow her to function. AR 49-50. The ALJ did not include the use of a scooter, or a service dog, in

26 his hypothetical to the VE, however, the failure is harmless error. *See Carmickle v. Comm'r, Soc.*

27 *Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) ("'[T]he relevant inquiry in this context is not

28 whether the ALJ would have made a different decision absent any error, it is whether the ALJ's

1   decision remains legally valid, despite such error'").

2      The ALJ was not bound by the VA's disability determination.  Residual functional capacity

3   (RFC) is not a medical finding but an administrative finding left to the Commissioner.  20 C.F.R.

4   § 404.1527(e)(2) (stating that "[o]ther opinions of issues reserved to the Commissioner" include

5   "your residual functional capacity").  An ALJ's rejection of the VA disability finding may be

6   upheld when the ALJ provides persuasive, specific and valid reasons. *Valentine v. Comm'r Soc.*

7   *Sec. Admin.*, 574 F.3d 685, 694-695 (9th Cir. 2009).  Here, the ALJ considered the medical records,

8   and the extent of disability suggested by the rating, finding that the ratings themselves provided no

9   specific findings regarding functional limitations.  AR 20.  The ALJ noted that he reviewed the

10  findings and opinions expressed in the medical records themselves and found no additional

11  evidence relating to plaintiff's function and capabilities.  AR 20-21.  This rationale provided

12  specific and legitimate reasons supported by substantial evidence in the record to justify rejecting

13  the VA's disability rating. *Valentine*, 574 F.3d at 694-695.  Plaintiff had been awarded a 70% VA

14  disability for PTSD, depression and anxiety, but the ALJ properly applied SSA regulations to

15  determine whether plaintiff had a severe mental impairment.  AR 22, 26. *See* 20 C.F.R.

16  § 404.1520a.  The ALJ determined that plaintiff had mild limitations in daily activities, because

17  most of her alleged limitations were physical and not mental in nature; moderate limitations in

18  social functioning, because plaintiff testified to feeling anxious; and moderate limitations in

19  maintaining concentration, persistence, and pace, because plaintiff testified it was difficult for her

20  to concentrate and she sometimes is disoriented.  AR 16.  The ALJ determined that plaintiff's

21  mental status examinations did not show significant functional limitations.  AR 13.  The ALJ also

22  noted that plaintiff did not want to pursue any additional treatment, preferring to consult with her

23  primary care physician and medication therapies.  AR 12.  Plaintiff's RFC reasonably accounts for

24  mental limitations reported by plaintiff or found in the medical notes.  AR 12.

25      Regarding physical limitations, the ALJ recognized that plaintiff had asthma, bad knees, a

26  bad back, mild degenerative disc disease in her neck, and she was overweight, but also noted that

27  she had a normal gait, good muscle strength, nerve conduction studies were normal, she continued

28  to have a good range of motion in all her joints.  AR 12-13.  The ALJ noted that plaintiff

1   complained of bilateral knee, foot and hip pain, but diagnostic tests produced minimal findings.

2   AR 14. Plaintiff's lumbar spine showed some mild conditions and her thoracic spine was normal.

3   AR 14. Plaintiff's obesity, although seen as a concern by her doctors, did not result in any impact

4   to her chest, heart, lungs or musculoskeletal systems. AR 14-15. Despite the VA disability ratings,

5   the ALJ properly found that no further restrictions to plaintiff's maximum residual functional

6   capacity were warranted by plaintiff's mental and physical impairments and symptoms. AR

7   16,18-19.

8              **B.      Credibility**

9         Plaintiff argues that the ALJ's credibility determination lacks the support of substantial

10  evidence. She argues that it was improper to discount her credibility because of demeanor and

11  presentation, because she did not always follow prescribed treatment, and because of a lack of

12  objective findings to support the complaints. Defendant argues that the ALJ's credibility findings

13  were supported by the record.

14        In weighing credibility, the ALJ may consider factors including: the nature, location, onset,

15  duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g.,

16  movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects

17  of any pain medication; treatment, other than medication, for relief of pain; functional restrictions;

18  the claimant's daily activities; and "ordinary techniques of credibility evaluation." *Bunnell v.*

19  *Sullivan,* 947 F.2d 341, 346 (9th Cir. 1991) (en banc) (citing SSR 88-13). An ALJ may reject a

20  claimant's testimony about the severity of his or her symptoms based upon specific, clear, and

21  convincing reasons. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). To support a

22  finding that a claimant is less than fully credible, an ALJ is required to identify specific facts in the

23  record demonstrating the claimant's symptoms are less severe than claimed. *Id*. at 592. An ALJ

24  may also consider other factors in weighing a claimant's credibility, including reputation for

25  truthfulness, inconsistencies in testimony, inconsistencies between testimony and conduct, daily

26  activities, and unexplained or inadequately explained failures to seek treatment or to follow a

27  prescribed course of treatment. *See Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007). The ALJ's

28  credibility determination is entitled to deference and should be upheld. *Thomas v. Barnhart*, 278

1   F.3d 947, 959 (9th Cir. 2002) (stating that "[i]f the ALJ's credibility finding is supported by

2   substantial evidence in the record, [the court] may not engage in second-guessing"); *see also*

3   *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (stating that "[e]ven when the evidence is

4   susceptible to more than one rational interpretation, [the court] must uphold the ALJs findings if

5   they are supported by inferences reasonably drawn from the record.").

6           Contrary to plaintiff's assertions, the court finds that the ALJ properly assessed plaintiff's

7   credibility.   For example, the ALJ found  inconsistencies in the cause for her psychiatric symptoms

8   where plaintiff claimed she lay unconscious in the street for four hours after the car bombing but

9   did not receive any medical treatment.  AR 19.  Regarding the degree or severity of plaintiff's

10  alleged symptoms and ability to work, the ALJ noted that plaintiff worked in skilled or semiskilled

11  positions for five years after the car bombing incident.  AR 21.  The ALJ noted that medicines

12  made her dizzy, but were immediately changed.  AR 18.  Plaintiff claimed that she was being

13  treated for traumatic brain injury, but the ALJ noted there was no objective evidence whatsoever to

14  support plaintiff's allegations.  AR 17.  Plaintiff claimed to have fibromyalgia, but there was little

15  evidence suggestive of the disease and no evidence of that a formal diagnosis was made based on

16  generally acceptable criteria.  AR 20; see Social Security Ruling 12-2p (evaluation of

17  fibromyalgia).  The ALJ also noted that plaintiff claimed to have problems with balance, walking,

18  standing and sitting, but plaintiff was observed to sit during the hearing and even bent down to pick

19  up her "service" dog. AR 20.  *See Morgan v. Comm'r*, 169 F.3d 595, 600 (9th Cir. 1999) (when

20  assessing credibility, the "inclusion of the ALJ's personal observations does not render the decision

21  improper," so long as they are supported (quotation omitted)).  The ALJ noted that plaintiff drives

22  when she has to, and mostly spends her days watching television, taking naps and caring for three

23  dogs.  Plaintiff will sometimes fold the laundry and microwave a meal or two, but usually lets her

24  husband cook and handle the chores.  AR 17.  These activities, though limited, show plaintiff

25  capable of physical and mental tasks, and may be reasonably interpreted as being only self-limiting.

26          In sum, this Court finds the ALJ provided specific, clear, and convincing reasons for finding

27  plaintiff not fully credible, and plaintiff has failed to rebut this showing.  As such, the court finds

28  the ALJ's credibility determination must be upheld as a reasonable interpretation supported by

1    substantial evidence.

2         Ultimately, this court finds the ALJ carefully reviewed and weighed all relevant medical

3    opinions, regulations, and guidelines in determining the issue of plaintiff's mental and physical

4    limitations and in rendering a final decision in this case.  Contrary to plaintiff's assertions,

5    moreover, the ALJ provided specific, clear, and convincing reasons for deciding those issues.  As

6    such, the court finds that the ALJ's decision was based on substantial evidence, free from legal

7    error.

8                          **CONCLUSION AND RECOMMENDATION**

9         Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's Motion for Reversal or

10   Remand (ECF No. 12) be **denied**.

11        **IT IS FURTHER RECOMMENDED** that defendant's Cross-Motion to Affirm (ECF No.

12   13) be **granted**.

13                                    **NOTICE**

14        This Report and Recommendation is submitted to the United States District Judge assigned

15   to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this Report and Recommendation

16   may file a written objection supported by points and authorities within fourteen days of being

17   served with this Report and Recommendation.  Local Rule IB 3-2(a).  Failure to file a timely

18   objection may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d

19   1153, 1157 (9th Cir. 1991).

20

21        DATED: June 28, 2016

22

23                                    **C.W. Hoffman, Jr.**
                                      **United States Magistrate Judge**

24

25

26

27

28